6628

### COMMINS v. ATLANTIC COAST LINE R. R. CO.

CARRIER—FREIGHT—ISSUES.—A COMPLAINT alleging a carrier unreasonably delayed a shipment of cabbage for one day, without alleging the delay was negligent, states a cause of action *in contract* against the carrier for failure to transport with all reasonable dispatch, the issue of reasonable diligence is for the jury.

Before ALDRICH, J., Charleston, June, 1906. Affirmed.

Action by E. L. Commins against Atlantic Coast Line R. R. Co. From order overruling demurrer, defendant appeals.

*Messrs. W. Huger Fitzsimons* and *T. Moultrie Mordecai,* for appellant, cite: Moore on Carriers, 33; 20 N. Y., 50; 2 Kem., 245; 26 Am. & Eng. R. R. Cas., 287.

*Messrs. Legare* and *Holman,* contra, cite: 7 Rich., 190; 75 S. C., 325.

August 20, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to recover damages for the alleged delay in the transportation of freight.

The complaint sets forth three causes of action, the first of which alleges "that on the 8th day of May, 1905, the plaintiff delivered to the defendant, at Meggetts, S. C., a station on its line of road, two hundred and twenty crates of cabbage; that the same were received for transportation to the city of New York, there to be delivered to certain commission merchants for sale for the account of the plaintiff. That the cabbage should have been delivered to the said commission merchants, on the 11th day of May, 1905, but that the same were unreasonably delayed in transportation for one day, and were not delivered until the 12th day of May, 1905; that by reason of such delay in transportation the cabbage were rendered worthless, and the same resulted in a total loss to the plaintiff; that if said cabbage had been received in due time and in good condition, the plaintiff could have realized a net profit of eighty-five cents per crate. Whereby the plaintiff has been damaged in the sum of one hundred and eighty-seven dollars."

The second and third causes of action are similar to the first.

The defendant demurred to the complaint, and to each cause of action, on the ground that it did not state facts sufficient to constitute a cause of action: (1) in that it is not alleged that the delay was negligent, and (2) in that it is alleged that the delay was only one day, which is not sufficient to raise the presumption of negligence.

The demurrer was overruled and the defendant appealed.

The plaintiff had the right to bring his action either *ex contractu* or *ex delicto: Pickens* v. *R. R.,* 54 S. C., 498, 32 S. E., 567; and even conceding that the allegations are

not sufficient to constitute a cause of action founded upon tort, they nevertheless are appropriate to a cause of action based upon contract.

The ruling of his Honor, the presiding Judge, is not only in harmony with the doctrine prevailing generally, but is sustained by the decisions in this State.

In *Nettles* v. *R. R.,* 7 Rich., 190, the Court uses this language: "The defendants were by the contract, which as common carriers they made with the plaintiff, bound to deliver the goods in Camden within a reasonable time. *Rapheal* v. *Pickford,* 5 Man. and Gran., 551. After the expiration of a reasonable time, without disproof of negligence on their part, they became answerable for the wrong of non-delivery; and if nothing more had appeared, the measure of damages would have been the value of the goods at the place where they should have been delivered, together with any reasonable loss and expenses which had been directly occasioned by the wrong."

In the case of *Harby* v. *R. R.,* 75 S. C., 321, 325, the Court said: "The correct rule in such cases is, that when no time is expressly agreed upon, the goods must be transported with all reasonable diligence," which must be determined by the jury, citing *Nettles* v. *R. R.,* 7 Rich., 190, and 6 Cyc., 442.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.